O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SOHEILA TAHERI, | Case № 2:15-cv-05426-ODW (MRW) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| NEW YORK & COMPANY, INC; PAIGE DUDLEY; KATHLEEN ROGERS; RENEE LANCTOT; and DOES 1-100, inclusive, | |
| Defendants. | |

## I.  INTRODUCTION

On July 16, 2015, Defendant New York & Company, Inc. ("New York & Co.") removed this action to federal court based on diversity jurisdiction. After reviewing New York & Co.'s Notice of Removal, it is clear that several other defendants in this action are not diverse from Plaintiff Soheila Taheri, and thus the Court lacks subject matter jurisdiction. Consequently, this action is **REMANDED** to state court.[1]

///

---

[1] After carefully considering New York & Co.'s Notice of Removal and the documents filed in support thereof, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## II. FACTUAL BACKGROUND

This is a disability discrimination lawsuit arising out of Plaintiff's employment at a New York & Co. retail store in Cerritos, California. Upon returning to work after suffering a work-related accident, Plaintiff alleges that Defendants Paige Dudley, Kathleen Rogers, and Renee Lanctot, each of whom supervised Plaintiff, verbally abused her based on her physical disability. (Second Am. Compl. (SAC) ¶¶ 10–13, 16.) Plaintiff also alleges that New York & Co. failed to accommodate her disability, and instead terminated her employment with the company. (*Id.* ¶¶ 15, 19.)

Plaintiff is a citizen of California. (*Id.* ¶ 1.) Defendant New York & Co. is a Delaware corporation with its principal place of business in New York. (*Id.* ¶ 2; Decl. Toal ¶¶ 2–5.) Defendant Dudley is a citizen of New York, and Defendants Rogers and Lactot are both citizens of California. (SAC ¶¶ 3–5.)

On July 18, 2014, Plaintiff filed this action in the Los Angeles Superior Court. (ECF No. 1-2.) On October 23, 2014, Plaintiff filed a First Amended Complaint. (ECF No. 1-8.) Defendants demurred to several causes of action therein, which the court sustained with leave to amend. (ECF Nos. 1-14, 1-15, 1-25.) Plaintiff then filed a Second Amended Complaint, which Defendants answered. (ECF Nos. 1-27, 1-30.) On June 4, 2015, the court denied Defendants' ex parte application to continue the trial date. (ECF Nos. 1-34, 1-37.) On July 16, 2015, Defendants removed the action to this Court. (ECF No. 1.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in

controversy exceeds $75,000, *id.* § 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The court may remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## IV. DISCUSSION

Defendants invoke diversity as the basis of the Court's subject matter jurisdiction. (Not. of Removal ¶ 14, ECF No. 1.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Plaintiff alleges that she is a California citizen, and that Defendants Rogers and Lanctot are also California citizens. Defendants do not argue otherwise. This destroys complete diversity.

Defendants argue that the Court should discount the citizenship of the Rogers and Lanctot because they were fraudulently joined to the Complaint. "An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant. . . . [A] non-diverse defendant is said to be fraudulently joined where 'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Sanchez v. Lane Bryant, Inc.*, No. 215CV04247CASASX, 2015 WL 4943579, at *2 (C.D. Cal. Aug. 17, 2015) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987)); *see also Padilla v. AT & T Corp.*, 697 F. Supp. 2d

1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned."). There is a strong presumption against fraudulent joinder, and thus "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Plaintiff asserts two claims against Rogers and Lanctot: (1) intentional infliction of emotional distress; and (2) harassment in violation of California's Fair Employment and Housing Act (FEHA). (SAC ¶¶ 68–88.) The former requires Plaintiff to show, among other things, "extreme and outrageous conduct" by Rogers and Lanctot. *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1609 (2012). The latter requires Plaintiff to show, among other things, that "the alleged harassment was so severe [or pervasive] that it created a hostile work environment." *Gardner v. City of Berkeley*, 838 F. Supp. 2d 910, 926 (N.D. Cal. 2012).

Defendants argue that there is no possibility of a jury finding either Rogers' or Lanctot's conduct to be "extreme and outrageous" or "so severe [or pervasive] that it created a hostile work environment." The Court disagrees. Plaintiff testified that Rogers called her an "old crippled person," laughed at her, and made other gestures indicating that she lacked respect for Plaintiff. (Not. of Removal ¶ 23; SAC ¶¶ 70–75.) Lanctot similarly called Plaintiff a "crippled" person and laughed at her. (Not. of Removal ¶ 27; SAC ¶¶ 70–75.) It is not unlikely that Plaintiff is sensitive about and embarrassed by her disability, particularly given her age (58). *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998) (defendant's knowledge of plaintiff's susceptibility to emotional distress can factor into whether the conduct was outrageous). It is also possible that Plaintiff could unearth further evidence to support her claim. *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-CV-00245-LJO-SK, 2013 WL 3146809, at *12 (E.D. Cal. June 18, 2013) (noting that even if "Plaintiff's deposition testimony does not provide evidence of harassment sufficient to survive summary judgment, it is not foregone that further evidence with regard to Plaintiff's work situation could not

*possibly* be gathered."). Thus, while Plaintiff might have a marginal case at this point, Defendants have not shown by clear and convincing evidence that there is no *possibility* of a jury finding either Rogers or Lanctot liable under at least one of the theories alleged.[2]  *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *9 (C.D. Cal. Mar. 5, 2013) ("[A] non-fanciful possibility of liability" precludes application of the sham-defendant doctrine "even where the plaintiff's claim appear[s] 'relatively weak.'"). Rogers and Lanctot are therefore not sham defendants, and the Court cannot discount their citizenship. Accordingly, the Court lacks subject matter jurisdiction.[3]

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the action to the Los Angeles Superior Court, Case No. BC552114. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

October 16, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2]  The Court need not reach Defendants' contention that Plaintiff's FEHA claim against Rogers is time-barred. Even if that were true, Rogers would still be a defendant on Plaintiff's claim for intentional infliction of emotional distress, thus destroying complete diversity.

[3]  This Order should not be construed as precluding the possibility of summary judgment in favor of Rogers and Lanctot. The fraudulent joinder analysis is distinct from the summary judgment analysis. *See Amarant*, 2013 WL 3146809, at *6–13.